# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Subpoena to Terry Keebaugh<br><br>**SUSAN E. CONREY**<br><br>                             Plaintiff/Respondent,<br><br>     v.<br><br>**IBM CORPORATION**<br><br>                         Defendant/Movant. | **CIVIL ACTION NO.: _____**<br><br>**(Case No. 17-CV-00817 pending in the United States District Court for the District of New Jersey)** |

---

## DEFENDANT/MOVANT IBM CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S THIRD-PARTY SUBPOENA AND FOR A PROTECTIVE ORDER

---

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

I.     PRELIMINARY STATEMENT ........................................................................... 4

II.    FACTUAL BACKGROUND ................................................................................. 5

III.   ARGUMENT .......................................................................................................... 6

    A.     THE KEEBAUGH SUBPOENA SHOULD BE QUASHED. .................. 6

        i.     Plaintiff May Not Use A Third-Party Subpoena To Circumvent Federal Rules Governing Discovery Between The Parties. .......................... 6

        ii.    Because The Documents At Issue Are Not Relevant To This Case And Are Subject To A Protective Order, This Court Should Quash The Subpoena And Issue A Protective Order. ................................................. 8

    B.     IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS MOTION TO THE DISTRICT OF NEW JERSEY. ................................ 11

IV.    CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrella v. Village of Freeport,*
  No. 12-0348, 2012 U.S. Dist. LEXIS 174461, 2012 WL 6103222 (E.D.N.Y.
  Dec. 8, 2012) ......................................................................................................................10

*Hayworth Inc. v. Herman Miller, Inc.,*
  998 F.2d 975 (Fed. Cir. 1993) ..............................................................................................7

*Hilton-Rorar v. State & Fed. Communs, Inc.,*
  No. 5:09-CV-01004, 2010 U.S. Dist. LEXIS 864 (N.D. Ohio Jan. 5, 2010) ............................9

*Layman v. Junior Players Golf Acad., Inc.,*
  314 F.R.D. 379 (D.S.C. 2016) ...............................................................................................7

*MetroPCS v. Thomas,*
  No. 3:18-mc-29, 2018 U.S. Dist. LEXIS 98576, 2018 WL 2933673 (N.D.
  Tex. 2018) ..........................................................................................................................10

*Myers v. Atl. Health Sys.,*
  No. 13-4712, 2016 U.S. Dist. LEXIS 26574, 2016 WL 819619 (D.N.J. Mar. 2,
  2016) ....................................................................................................................................7

*Neel v. Mid-Atlantic of Fairfield, LLC,*
  No. 10-cv-405, 2012 U.S. Dist. LEXIS 3292, 2012 WL 98558 (D. Md. Jan.
  11, 2012) ...............................................................................................................................7

*Plastic the Movie Ltd. v. Doe,*
  No. 15-2446, 2015 U.S. Dist. LEXIS 103717, 2015 WL 4715528 (D.N.J.
  Aug. 7, 2015) .........................................................................................................................7

*Savant Sys., LLC v. Crestron Elecs., Inc.,*
  No. 12-MC-51, 2012 U.S. Dist. LEXIS 29871, 2012 WL 987404 (E.D. Pa.
  Mar. 22, 2012) ..................................................................................................................8, 10

*Stokes v. Xerox Corp.,*
  No. 05-cv-71683, 2006 U.S. Dist. LEXIS 98888, 2006 WL 6686584 (E.D.
  Mich. Oct. 5, 2006) ................................................................................................................7

*Terry Keebaugh v. International Business Machines Corporation,*
  No. 7:18-cv-12126 (S.D.N.Y. 2018) ............................................................................. *passim*

*Williams v. Claims Overload Sys.*,
   No. 97-6851, U.S. Dist. LEXIS 7231, 1998 WL 254960 (E.D. Pa. May 5,
   1998) ...................................................................................................................8

**Statutes**

Age Discrimination in Employment Act ...................................................................5

Civil Rights Act of 1964 Title VII...........................................................................5

**Other Authorities**

Fed. R. Civ. P. 26.............................................................................................5, 6, 9, 10

Fed. R. Civ. P. 34...................................................................................................6, 7

Fed. R. Civ. P. 45..........................................................................................5, 6, 7, 9, 10

# I.    PRELIMINARY STATEMENT[1]

Plaintiff/Respondent Susan Conrey ("Plaintiff") commenced the underlying lawsuit against Defendant/Movant IBM Corporation ("IBM") in the United States District Court for the District of New Jersey in February 2017. (*See* D.N.J. Case No. 17-CV-00817). On August 16, 2019, Plaintiff served a third-party subpoena on counsel for Terry Keebaugh, a plaintiff in a separate, more recent, and unrelated single-plaintiff lawsuit filed against IBM, and currently pending in the United States District Court for the Southern District of New York (the "Keebaugh Subpoena"). (*See Terry Keebaugh v. International Business Machines Corporation*, No. 7:18-cv-12126 (S.D.N.Y. 2018)) (hereinafter "*Keebaugh* litigation"). The Keebaugh subpoena identifies Philadelphia as the place of compliance.  Therefore, IBM moves before this Court to quash the Keebaugh Subpoena. IBM also seeks a protective order barring the production of the requested documents, as the Keebaugh Subpoena requests documents wholly irrelevant to this single-plaintiff action and is a clear attempt to circumvent IBM's proper objections to production of previously requested documents. On August 22, 2019, counsel for IBM advised counsel for Plaintiff of its objections to the subpoena. The parties have conferred in good faith to resolve the instant dispute, but have been unable to do so.

The Keebaugh Subpoena demands production of the following: (1) "[a]ny and all documents referring to, relating to or evidencing communications by, between or with Denise Williams;" (2) "[a]ny and all documents referring to, relating to or evidencing any/all of the following: 'North America New Hire' or 'N.A. New Hire Program,' or 'NA New Hire Program'

---

[1] IBM notes at the outset that, on September 3, 2019, it filed a motion to quash the subpoena at issue here in the United States District Court for the District of New Jersey, where the underlying litigation is pending. (*See Susan Conrey v. IBM Corporation*, D.N.J. Case No. 17-cv-00817, at dkt. no. 57). On September 11, 2019, the District of New Jersey issued an order denying the motion, without prejudice, indicating that the motion to quash should be filed in the Eastern District of Pennsylvania. (*Id.* at dkt. no. 58). The District of New Jersey's order is attached to the accompanying Certification of John M. Nolan, Esq. as **Exhibit A.**

or 'New Hire Program;'" and (3) "[a]ny and all documents referring to, relating to or evidencing any/all of the following: 'Millennial Task Force' or 'Millennial' or 'EP' or 'Early Professional(s)' or 'Early Career Professionals' or 'Early Career.'"

The Keebaugh Subpoena, which is a clear attempt by Plaintiff to circumvent IBM's prior objections to the same discovery requests, should be quashed. For starters, to the extent Plaintiff seeks the IBM documents at issue, such requests should be pursued through the regular course of discovery between the parties in this case. Moreover, the subpoena should also be quashed because it seeks documents wholly unrelated to Plaintiff's claims in this case, the vast majority of which are IBM confidential documents that were designated as Confidential under a Protective Order in another case. FED. R. CIV. P. 45(d)(3). Accordingly, IBM respectfully requests that this Court quash the Keebaugh Subpoena and issue a protective order pursuant to Fed. R. Civ. P. 26(c) barring production of the documents sought in the subpoena.

## II.    **FACTUAL BACKGROUND**

Plaintiff alleges that her employment with IBM was terminated in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff claims that IBM discriminated against her based on her sex and age, and that she was subjected to a hostile work environment by younger male employees and was ultimately terminated in retaliation for her complaints. In her Amended Complaint, filed on November 19, 2018, Plaintiff added allegations claiming the conduct she experienced was part of a pattern and practice of discriminating against older workers.

On August 16, 2019, Plaintiff gave notice of her intent to issue a third-party subpoena to Vladeck, Raskin & Clark, P.C., counsel for Terry Keebaugh, demanding documents relating solely

to Ms. Keebaugh's own single-plaintiff lawsuit against IBM. A true and correct copy of the Keebaugh Subpoena is attached to the Certification of John M. Nolan, submitted in support of IBM's motion, as **Exhibit B**.

The *Keebaugh* litigation commenced in the Southern District of New York in December 2018. The parties in *Keebaugh* — Ms. Keebaugh and IBM — stipulated to a Protective Order, which was so-ordered by the court on June 12, 2019. (*Keebaugh*, S.D.N.Y. No. 7:18-cv-12126, ECF No. 26, attached to the Nolan Cert. as **Exhibit C**). The *Keebaugh* Protective Order provides, among other limitations, that documents designated as confidential or attorneys' eyes only are solely for use in connection with the *Keebaugh* litigation. (Exhibit B, ¶ 5). Further, the Keebaugh Protective Order does not permit use of documents from the *Keebaugh* litigation by either party in connection with another action, unless such information and documents have been publicly disclosed. *Id.* Regardless of whether the documents sought by the Keebaugh Subpoena were produced by IBM in *Keebaugh* or were IBM's confidential documents in Keebaugh's "possession," the documents at issue are not the proper subject of a third-party subpoena and, in any event, are entirely irrelevant to Plaintiff's claims in this case.

## III.   ARGUMENT

### A.   THE KEEBAUGH SUBPOENA SHOULD BE QUASHED.

#### i.   Plaintiff May Not Use A Third-Party Subpoena To Circumvent Federal Rules Governing Discovery Between The Parties.

A party may use Rule 45 of the Rules of Civil Procedure to obtain "designated documents, electronically stored information, or tangible things" from a third party. Fed. R. Civ. P. 45(a)(1)(A)(iii). However, where the documents at issue are in possession of a party opponent, the requesting party must request them directly from the party opponent, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Stated simply, "although Rule 45 may apply to both parties

and nonparties, resorting to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party." *Stokes v. Xerox Corp.*, No. 05-cv-71683, 2006 U.S. Dist. LEXIS 98888, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006). "Put another way, 'it is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45.'" *Neel v. Mid-Atlantic of Fairfield, LLC*, No. 10-cv-405, 2012 U.S. Dist. LEXIS 3292, 2012 WL 98558, at *1 (D. Md. Jan. 11, 2012) (quoting *McLean v. Prudential Steamship Co., Inc.*, 36 F.R.D. 421, 425 (E.D. Va. 1965)); *see also Myers v. Atl. Health Sys.*, No. 13-4712, 2016 U.S. Dist. LEXIS 26574, 2016 WL 819619, at *3 (D.N.J. Mar. 2, 2016); *Plastic the Movie Ltd. v. Doe*, No. 15-2446, 2015 U.S. Dist. LEXIS 103717, 2015 WL 4715528, at *1-2 (D.N.J. Aug. 7, 2015).

Applying these principles, courts have found that third-party subpoenas should not be used to obtain documents that could be obtained from a plaintiff's party opponent. *See Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016) ("If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty.") (internal quotes omitted); *Hayworth Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978-79 (Fed. Cir. 1993) (a party can be required to seek discovery from its opponent before burdening a nonparty with a subpoena from an ancillary proceeding).

Here, Plaintiff should (and in fact already sought to) obtain the documents she seeks through the Keebaugh Subpoena directly from IBM pursuant to Rule 34 rather than by subpoena to a nonparty. Without question, Plaintiff's subpoena is designed to circumvent the traditional rules of discovery. Plaintiff previously requested documents to or from Denise Williams which included, in part, the documents that are now the subject of the Keebaugh Subpoena. IBM duly objected to those requests, taking the position that the documents are not relevant to either party's

claims or defenses, and are not proportional to the needs of the case. Notwithstanding its objections, IBM produced other documents responsive to Plaintiff's requests. Plaintiff cannot simply sidestep IBM's prior objections by issuing the Keebaugh Subpoena. Plaintiff's tactics contravene the Federal Rules regarding permissible discovery and the Court should quash the Keebaugh Subpoena.

> **ii.    Because The Documents At Issue Are Not Relevant To This Case And Are Subject To A Protective Order, This Court Should Quash The Subpoena And Issue A Protective Order.**

This Court should also quash the subpoena because it seeks irrelevant documents that are subject to a Protective Order in another lawsuit.  Where a party has a claim or personal right or privilege with respect to the subject matter of a subpoena directed to a nonparty, a motion to quash may be filed by that party, even if the subpoena is directed to a nonparty. *See Savant Sys., LLC v. Crestron Elecs., Inc.*, No. 12-MC-51, 2012 U.S. Dist. LEXIS 29871, 2012 WL 987404, at *7-8, (E.D. Pa. Mar. 22, 2012). When deciding a motion to quash, the court must consider whether the documents at issue are relevant and the moving party must show that the information sought is privileged or subject to some other protection. *Williams v. Claims Overload Sys.*, No. 97-6851, U.S. Dist. LEXIS 7231, 1998 WL 254960, at *2-3 (E.D. Pa. May 5, 1998).

Here the subpoena should be quashed because it seeks irrelevant confidential IBM documents that have been designated as "Confidential" under the *Keebaugh* Protective Order. First, the documents sought are not remotely relevant to Conrey's claims. Plaintiff's action against IBM is a single-plaintiff action relating to *her* employment and termination; however, she seeks wide categories of documents exchanged between IBM and Keebaugh in an unrelated action regarding Keebaugh's employment with IBM. The broad range of documents sought in the Keebaugh Subpoena fail to acknowledge that the circumstances surrounding the *Keebaugh* litigation are substantially different from Plaintiff's case. Keebaugh alleges that her separation as

8

part of a skills transformation action constituted age discrimination, while Conrey, who was not separated as part of any kind of group layoff program, alleges that her individual for-cause termination constituted age discrimination and retaliation. Similarly, Keebaugh and Plaintiff held different positions and reported to different managers during their tenure with IBM.  Keebaugh claims to have worked on various new hire initiatives that are the subject of the subpoena, while Conrey does not.  Plaintiff's case is not a class action. Plaintiff's claims should be the focus, not an unrelated litigant who was separated for entirely different reasons. Thus, the documents sought are not relevant.

Second, despite being a non-party to the subpoena, IBM has a personal right in the information being sought by the subpoena.  The subpoena seeks IBM confidential documents that were produced in the *Keebaugh* litigation subject to the Protective Order entered in that case. Under Rule 45(d)(3)(A)(iii), a subpoena is invalid and should be quashed where it seeks the disclosure of privileged or otherwise protected information.   Under the *Keebaugh* Protective Order, documents that have been designated as Confidential cannot be disclosed outside of the *Keebaugh* lawsuit unless they have already been publicly disclosed. (Nolan Cert., Ex. B, ¶ 5). None of the documents at issue here have been publicly disclosed, and accordingly, IBM has a strong interest in ensuring that the subpoena is quashed to the extent it requires the production of documents that were designated as Confidential pursuant to the Protective Order.  IBM therefore respectfully requests that the Court quash the subpoena.

Similarly, this Court should enter a protective order pursuant to Fed. R. Civ. P. 26(c) for the same reason: because the documents at issue are outside the scope of permissible discovery. The scope of subpoenas issued under Rule 45 is no different from the applicable discovery standard under Rule 26. *Hilton-Rorar v. State & Fed. Communs, Inc.*, No. 5:09-CV-01004, 2010 U.S. Dist.

LEXIS 864, at *4 (N.D. Ohio Jan. 5, 2010); *see also MetroPCS v. Thomas*, No. 3:18-mc-29, 2018 U.S. Dist. LEXIS 98576, 2018 WL 2933673 at *23-24 (N.D. Tex. 2018) (the "provisions and structures of Rules 26 and 45 leave little doubt that the scope of permissible discovery from a third party is not broader than that permitted against a party.")

The subpoena is overbroad and should be subject to a protective order for multiple reasons. The parties have already engaged in extensive discovery during which IBM produced numerous documents in response to Plaintiff's requests. In fact, Plaintiff's Third Set of Request for Production of Documents seeks documents similar to those listed in the Keebaugh Subpoena.[2] Against this backdrop, it is clear that Plaintiff's purpose for issuing the Keebaugh Subpoena is solely to obtain overbroad, irrelevant documents by circumventing IBM's prior objections.

Further, requests for records and documents produced in an unrelated litigation are generally deemed to be facially overbroad. *See Barrella v. Village of Freeport*, No. 12-0348, 2012 U.S. Dist. LEXIS 174461, 2012 WL 6103222, at *9 (E.D.N.Y. Dec. 8, 2012). It also requests "any and all" documents in several categories of documents exchanged by the parties in the *Keebaugh* litigation. Accordingly, since the Keebaugh Subpoena is largely seeking documents produced in the *Keebaugh* litigation, it is clearly overbroad.

Moreover, a protective order pursuant to Rule 26 is also proper where, as here, the party seeking the protective order has a legally recognized interest with respect to the subject matter of the subpoena at issue. *Savant Sys., LLC v. Crestron Elecs., Inc.*, No. 12-MC-51, 2012 U.S. Dist. LEXIS 29871, 2012 WL 987404, at *7-8, (E.D. Pa. Mar. 22, 2012). Here, IBM has a legitimate interest in seeking to enforce the Protective Order in *Keebaugh*, which provides that documents

---

[2] *See* Plaintiff's Request for Production of Documents Directed to Defendant (Set III), Document Request Nos. 42-44 and 47, which seek information similar to parts 2 and 3 of the Keebaugh Subpoena, attached to the Certification of John Nolan, Esq. as **Exhibit D**.

that have been designated as confidential or attorneys' eyes only are solely for use in connection with the *Keebaugh* litigation, unless such documents have been publicly disclosed. (Ex. B, ¶ 5). IBM has not waived any protections provided by the Protective Order issued in *Keebaugh* and the documents at issue have not been made public. Therefore, this Court should issue a Protective Order to bar or limit production of documents that were designated as Confidential under the *Keebaugh* Protective Order in response to the Keebaugh Subpoena.

**B.   IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS MOTION TO THE DISTRICT OF NEW JERSEY.**

This Court has both the ability and sufficient grounds to quash Plaintiff's subpoena and bar production of the documents requested therein. It would likewise be within the Court's power to transfer IBM's Motion to the United States District Court for the District of New Jersey. *See* FED. R. CIV. P. 45(f). Such transfer would allow the court in which Plaintiff's single-plaintiff case is pending to address the issues presented by the subpoena in the context of broader, continuing discovery disputes between the parties.

Under the Federal Rules, transfer of a motion to quash a subpoena is appropriate if necessary to "avoid disrupting the issuing court's management of the underlying litigation," such as when "the same issues are likely to arise in discovery." Adv. Comm. Note to 2013 Amendments to FED. R. CIV. P. 45(f); *see also Bell v. ATH Holding Co., LLC*, 2018 U.S. Dist. LEXIS 117507, at *17 (E.D. Pa. July 16, 2018) ("To avoid risk of disrupting [the issuing court's] pretrial schedule and management of the case, transfer to the [issuing court] is necessary."); *Williams v. Big Picture Loans, LLC*, 2018 U.S. Dist. LEXIS 18779, at *4 (N.D. Cal. Feb. 5, 2018) (transferring matter to Virginia district court, concluding that the real "discovery fight" was "between the parties to the Virginia action"); *Moon Mt. Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429-30 (N.D. Cal. July 10, 2014) (finding that transfer is particularly appropriate when the party issuing the

subpoena "attempt[s] to circumvent the authority of the presiding judge in the underlying action"); *Duck v. U.S. S.E.C.*, 317 F.R.D. 321, 325 (D.D.C. 2016) (noting that transfer "is appropriate where [it] would avoid interference with a time-sensitive discovery schedule issued in the underlying action"); *Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 43-44 (D.D.C. 2015) (concluding that "transfer is appropriate to avoid disrupting" the management of the underlying litigation); *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 35, 37 (D.D.C. 2014) (transfer was appropriate where the underlying case had been pending for years and had involved numerous discovery disputes).

Here, for the reasons outlined above, there are fundamental disputes between IBM and Plaintiff over the scope of discovery permitted in her single-plaintiff action. Those disputes have resulted not only in the present motion, but in a number of issues being presented to the District of New Jersey for resolution, including Plaintiff's currently-pending motion to re-depose defense witnesses. Further, the United States District Court for the District of New Jersey has responsibility both for managing the conduct of Plaintiff's single-plaintiff action and for control of discovery in that matter, which has been pending for more than two years and has involved numerous discovery disagreements between the parties.[3] *See, e.g., Conrey*, D.N.J. Case No. 17-cv-00817, at Dkt. No. 56 (the parties' operative scheduling order, staying deadlines pending the Court's decision on Plaintiff's pending motion to re-depose defense witnesses); *Cochran v. Brinkmann Corp.*, 2008 U.S. Dist. LEXIS 130156, at *5 (N.D. Ga. Nov. 13, 2008) ("The Court also is responsible for managing discovery and processing litigation to a resolution in a reasonable and fair manner."). Particularly since the subpoena appears to be little more than an attempt by Plaintiff to evade

---

[3] On September 12, 2019, IBM also submitted a letter to the United States District Court for the District of New Jersey (*see Conrey*, Case No. 17-cv-00817, at dkt. no. 59), requesting the Court's assistance in resolving the parties' discovery dispute relative to the documents at issue in the Keebaugh Subpoena, consistent with the Court's September 11, 2019 order and Rule 37.1 of the that Court's Local Civil Rules.

reasonable and proper discovery limits imposed by the Federal Rules of Civil Procedure, it would be appropriate for the District of New Jersey court to address it along with other discovery issues, and it would be fully appropriate for this Court to transfer this Motion.

## IV.   CONCLUSION

For the foregoing reasons, IBM respectfully requests that this Court grant its motion to quash Plaintiff's subpoena, and issue a Protective Order barring the production of documents sought by the Keebaugh Subpoena; in the alternative, the Court should transfer this Motion to the United States District Court for the District of New Jersey.

Respectfully Submitted,

JACKSON LEWIS P.C.

Date:  September 18, 2019            BY:   _____
John M. Nolan (PA 94337)
Timothy M. McCarthy (PA 319308)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
john.nolan@jacksonlewis.com
timothy.mccarthy@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT/MOVANT*
*IBM CORPORATION*

4846-4957-8149, v. 1